# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY JOHNSON EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-940 CDP |
| | ) | |
| LAUREN MOFFIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Bobby Johnson El, an inmate at Eastern Reception Diagnostic and Correctional Center (ERDCC), for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for failure to fully exhaust his prison remedies.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant action on September 8, 2022, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He names as defendants Correctional Officer Lauren Moffit and John Doe Investigator.

Plaintiff claims that on July 7, 2022, he was housed in Unit 6D at ERDCC. He states that on that date he approached defendant Moffit to ask if she would open the closet door so he could get cleaning supplies for his cell. Plaintiff states that defendant Moffit "took offense" as to the manner in which he addressed her, as he called her "Miss Moffit" when he requested the items. She purportedly told plaintiff that her preference was to be addressed as Mr. Moffit, which plaintiff claims would contravene his unnamed religious beliefs to address her as such.

As a result of the verbal altercation between defendant Moffit and plaintiff, defendant Moffit purportedly refused to provide plaintiff with the cleaning supplies. Later that morning, plaintiff claims that he witnessed defendant Moffit enter his cell and confiscate a yellow envelope that he used to maintain stamps and "scrap pieces of paper." Plaintiff alleges that he was told by

3

an unidentified John Doe Investigator, which he believes was "recruited" by defendant Moffit, that the property taken from his cell was "soaked in K2." Plaintiff was given a conduct violation and given twenty (20) days disciplinary segregation, ninety (90) days administrative segregation, restricted from contact visits with his wife for six (6) months and removed from honor dorm status for one year. Plaintiff believes that defendant Moffit's actions were retaliatory in nature due to plaintiff's decision not to address her as a man. Plaintiff seeks monetary relief in his complaint.

In the section of the form complaint titled, "Exhaustion of Grievance Procedures," plaintiff states that his "ability to exhaust the required administrative remedies are being impeded by state official." He claims that he wrote the grievance officer at ERDCC requesting a "reprisal grievance form," but he has not received a response to his request. Plaintiff has not indicated whether he has filed an Informal Resolution Request (IRR) with respect to the events in his complaint.

### Discussion

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

4

For an inmate to file a lawsuit relating the prison conditions under 42 U.S.C. § 1983, he must first exhaust the administrative remedies that are available as to that claim. 42 U.S.C. § 1997e(a). "[T]he language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal" of actions in which the administrative remedies were not exhausted prior to filing. *Johnson*, 340 F.3d at 628 (emphasis added). "Exhaustion of all remedies is set forth by the Missouri Department of Corrections Offender Grievance Procedures and must be completed prior to prisoner filing suit." *Leonberger v. Braunum*, 06-4014-CV-C-SOW, 2007 WL 495024, at *2 (W.D. Mo. Feb. 12, 2007). An inmate satisfies § 1997e(a) by pursing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). When determining whether a plaintiff failed to exhaust administrative remedies, "[i]t does not matter . . . that [plaintiff] may have been subjectively believed that there was no point in pursuing administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

The Missouri Department of Corrections utilizes a three-step procedure for its administrative remedy system for prisoners: an Information Resolution Request (IRR), a grievance, and a grievance appeal. A prisoner must meet the requirements of each step for their remedies to be considered exhausted under the Prison Litigation Reform Act (PLRA). *Woodford*, 548 U.S. at 85. ("Exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983."); *see also* 42 U.S.C. § 1997e(a).

Although plaintiff indicates in his complaint that he has written and requested a "reprisal grievance form," it does not appear that there is any such grievance form maintained by the Missouri Department of Corrections. Instead, plaintiff should start by filing an IRR to start the administrative remedies process in the Missouri Department of Corrections. If plaintiff did, in fact, file an IRR, as well as a grievance (and grievance appeal), it is unclear whether ERDCC has had

an opportunity to formally respond. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before and had not yet received a formal answer).

Because plaintiff is a prisoner and proceeding as a self-represented litigant, the Court will give him an opportunity show cause why this action should not be dismissed, without prejudice to refiling at a later date, for failure to exhaust *all of his prison grievances prior to filing this action.* In so doing, plaintiff should set forth the dates he filed his IRR, his grievance(s) and appeal(s), if any, as well as the dates he received institutional response(s). Plaintiff should also attach copies of his IRR, his grievance, grievance appeal, and any written responses. If he cannot obtain copies from the institution, plaintiff must explain what attempts he has made to request these documents. If plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause **within thirty (30) days from the date of this Memorandum and Order** why this action should not be dismissed for failure to fully exhaust his prison remedies *prior to filing this action*. Plaintiff must include in his show cause response the dates his IRR, grievance(s) and grievance appeals were denied, and attach copies of such documents.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 23rd day of September, 2022.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE